The Honorable Steve Higginbothom State Senator P.O. Box 242 Marianna, AR 72360
Dear Senator Higginbothom:
You have presented the following questions for my opinion:
 (1) Is the City of West Helena required to hold an election to annex a small piece of property adjacent to the city limits affecting less than a dozen persons, and the length of which would be less than one mile?
 (2) What is the statute of limitations to challenge an annexation that was done by ordinance of the city council when an election should have been conducted?
RESPONSE
Question 1 — Is the City of West Helena required to hold an election toannex a small piece of property adjacent to the city limits affectingless than a dozen persons, and the length of which would be less than onemile?
The answer to this question will depend upon the statutory authority under which the city seeks to effectuate the annexation. You have not indicated the particular statutory scheme you have in mind. Various sets of statutes provide for annexation under various circumstances. These various statutory schemes are set forth in A.C.A. § 14-40-201 through -608. The two annexation schemes that appear most likely to be appropriate for the situation you have described are A.C.A. § 14-40-301
through -305, and A.C.A. § 14-40-601 through -608. If the annexation is to be effectuated under the provisions of A.C.A. § 14-40-301 through -305, an election is required. However, if the annexation is to be effectuated under the provisions of A.C.A. § 14-40-601 through -608, which permit annexation upon the petition of the affected landowners, an election is not required. Other conditions, including public notice, a public hearing, and an opportunity for challenge of the annexation, must be satisfied.
Question 2 — What is the statute of limitations to challenge anannexation that was done by ordinance of the city council when anelection should have been conducted?
It is my opinion that it is not necessary to challenge an annexation for which an election should have been held, because such an annexation never became legally effective.
Under the annexation scheme laid out in A.C.A. § 14-40-301 through -305, which requires an election, the annexation ordinance is required to fix the date for the annexation election. Regarding the election, A.C.A. §14-40-303 states in pertinent part:
 (b)(1)(A) The annexation ordinance shall not become effective until the question of annexation is submitted to the qualified electors of the annexing municipality and of the area to be annexed at the next general election or at a special election. The special election shall be conducted no earlier than sixty (60) days after the date of enactment of the ordinance.
A.C.A. § 14-40-303(b)(1)(A) (emphasis added).
If the annexation ordinance was never presented to the voters, the annexation did not become effective. In such a situation, there is no annexation to be challenged. However, other acts of the city officials may be challengeable, depending upon the facts of the situation, the acts that were actually carried out, and the legal theories that potential challengers may want to pursue. Because of the intensely fact-specific nature of such potential challenges, I cannot opine in any further depth regarding the details of such challenges, or regarding the likelihood of the success of such challenges. Moreover, the statute of limitations for such challenges will depend entirely upon the legal theory being relied upon by the challengers. The city should consult with its counsel regarding this matter.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General